UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Michigan Medical Group, P.C.[1],

    Debtors.

Bankruptcy Case No. 23-50240
Hon. Mark A. Randon
Chapter 11
*Subchapter V*

## STIPULATION FOR ENTRY OF ORDER CONFIRMING THE CONSENSUAL PLAN OF REORGANIZATION OF COMBINED PLAN OF REORGANIZATION OF MICHIGAN MEDICAL GROUP, P.C. AND NAJAM SYED UNDER BANKRUPTCY CODE SECTION 1191(b)

NOW COME Michigan Medical Group, P.C. and Najam Syed, the above-captioned debtors (the "Debtors"), the Subchapter V Trustee, the Internal Revenue Service (the "IRS"), Office of the U.S. Trustee, and JPMorgan Chase Bank, N.A. ("Chase") each by and through their undersigned counsel, agree and stipulate to the entry of the attached order:

Approved as to form and content.

*[Signatures on following page]*

---

[1] The Debtors in these jointly administered cases include Michigan Medical Group, P.C. (Bankr. Case No. 23-50240) and Najam Syed (Bankr. Case No. 23-50241).

| | |
|---|---|
| **STEVENSON & BULLOCK, P.L.C.**<br><br>By: /s/ Ernest M. Hassan, III<br>Ernest M. Hassan, III (P67815)<br>Counsel for Debtors<br>26100 American Drive, Suite 500<br>Southfield, MI 48034<br>Phone: (248) 354-7906<br>Facsimile: (248) 354-7907<br>Email: ehassan@sbplclaw.com<br><br>Dated: April 5, 2024 | **DAWN N. ISON**<br>**United States Attorney**<br><br>By: /s/ *w/consent* Gregory B. Dickinson<br>Gregory B. Dickinson (IL. 6326817)<br>Assistant U.S. Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9678<br>Email: gdickinson@usdoj.gov<br><br>Dated: April 5, 2024 |
| ALWARD FISHER RICE ROWE & GRAF, PLC<br><br>By: /s/ *w/consent* Susan Jill Rice<br>Susan Jill Rice (P63035)<br>Attorneys for JPMorgan Chase Bank, N.A.<br>412 S. Union Street<br>Traverse City, Michigan 49684<br>Phone: (231) 346-5405<br>Facsimile: (231) 941-9679<br>Email: jrice@nmichlaw.com<br><br>Dated: April 5, 2024 | ALLARD & FISH P.C.<br><br>By: /s/ *w/consent* Deborah L. Fish<br>Deborah L. Fish (P36580)<br>Subchapter V Trustee<br>1001 Woodward Ave. Suite 850<br>Detroit, MI 48226<br>Phone: (313) 961-6141<br>Facsimile: (13) 961-6142<br>Email: dfish@allardfishpc.com<br><br>Dated: April 5, 2024 |
| **OFFICE OF THE U.S. TRUSTEE**<br><br>By: /s/ *w/consent* Timothy Graves<br>Timothy Graves (P64622)<br>Counsel for US Trustee<br>211 W. Fort Street, Suite 700<br>Detroit, MI 48226<br>Tel. (313) 226-7999<br>Fax. (313) 226-7952<br>Email: Timothy.Graves@usdoj.gov<br><br>Dated: April 5, 2024 | |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**
Michigan Medical Group, P.C.[1],

    Debtors.

Bankruptcy Case No. 23-50240
Hon. Mark A. Randon
Chapter 11
*Subchapter V*

## ORDER CONFIRMING THE COMBINED PLAN OF REORGANIZATION OF MICHIGAN MEDICAL GROUP, P.C. AND NAJAM SYED UNDER BANKRUPTCY CODE SECTION 1191(b)

This case having come before the Bankruptcy Court on April 8, 2024 for a hearing on the confirmation of the Combined Plan of Reorganization of Michigan Medical Group, P.C. and Najam Syed [Docket # 55] (the "Plan")[2]; the Debtors seek entry of this order (the "Confirmation Order"); due and appropriate notice under the circumstances having been given; all creditors and interested parties have had an opportunity to be heard; the Bankruptcy Court having considered the Plan and the record in this Chapter 11 case to date; due and sufficient factual and legal cause appearing therefore; it having been determined by this Court after a hearing on notice

---

[1] The Debtors in these jointly administered cases include Michigan Medical Group, P.C. (Bankr. Case No. 23-50240) and Najam Syed (Bankr. Case No. 23-50241).

[2] Capitalized words not defined in this Confirmation Order shall have the meanings set forth in the Plan.

1

that the requirements for confirmation set forth in 11 U.S.C. § 1191 have been satisfied; and the Court being otherwise fully advised in the premises;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Plan, including all of its terms, provisions and exhibits which are incorporated herein by reference, is confirmed, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

2. All requirements for confirmation of the Plan under 11 U.S.C. 1191(b) and 1129 have been satisfied and the plan is being confirmed pursuant to 11 U.S.C.§ 1191(b).

3. The modifications contained in this Confirmation Order constitute modifications allowed pursuant to 11 U.S.C. § 1127 and do not adversely change the treatment of any Claim or Interest under the Plan. Accordingly, in accordance with Rule 3019 of the Federal Rules of Bankruptcy Procedure, the Plan is deemed accepted by all Creditors and Interest holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors.

4. All payments made under the Plan shall be made by the Debtors in the intervals as set forth in the Plan, unless modified herein.

5. Section 4.1 of the Plan is modified as follows:

> **Class I:** This Class shall receive payments and treats the Allowed Secured Claim of JP Morgan Chase Bank, NA ("<u>Chase</u>"). Chase shall possess an Allowed Secured Claim in the amount of $210,231.79 against the MMG's assets to the extent set forth in their security

instruments and UCC-1 financing statement filed with the state of Michigan Department of State. Chase shall be paid $4,063.39 per month for 60 months starting on the Effective Date, including 5.99% per annum until paid in full. There shall be no penalty for prepayment to Chase. The remaining amount owed to Chase will be treated as a general unsecured claim and shall be treated as a Class V holder of an Allowed Unsecured Claim.

**This Class is Impaired.**

6. Chase is deemed to have and has voted to accept the Plan.

7. The Objection to Confirmation of Chapter 11 Plan (Docket No. 63) filed by Chase is resolved through this Confirmation Order.

8. The United States' rights of collection as to the Debtors and/or Reorganized Debtors shall be limited only to the extent expressly provided for by the Bankruptcy Code. Nothing in the Plan or any related documents shall be construed to eliminate or infringe upon the United States right to collect any debt from the Debtors, Reorganized Debtors, or any other taxpayer.

9. Sections 9.2, 9.3, 14.6, and 14.7 shall not apply to the United States.

10. Upon failure of the Debtors to make any payment due on any administrative, priority, or general unsecured claim of the Service, or to file any return which comes due after the Confirmation Date, which failure is not cured within 30 days of the mailing of a written notice of default by the Service, the Service may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the

event of conversion of this case to a Chapter 7 proceeding, all property of the Debtors; Debtors-in-possession; or Reorganized Debtors, which will revest upon confirmation of the Plan of Reorganization and all of Debtor's after acquired property shall be property of the Chapter 7 Estate.

11. Notwithstanding the closing of the case, the Subchapter V Trustee's duties shall not terminate until all payments due and owing under the plan are paid or further order of the Court. Upon the completion of all payments due under the Plan, the services and appointment of the Subchapter V Trustee terminate automatically and without further order of the Court.

12. No later than fourteen (14) days after the plan's substantial consummation, the Reorganized Debtors shall (i) file the notice required under 11 U.S.C. § 1183(c)(2). To confirm the Notice of Substantial Consummation, The Debtors must serve the Subchapter V Trustee with copies of all checks distributed in the initial distribution to Classes requested by the Subchapter V Trustee. The Subchapter V Trustee will not file her Notice of (Non) Distribution until after receipt and confirmation of the initial distribution checks for any Classes she requests to her satisfaction.

13. The Reorganized Debtors will remain responsible for filing timely Quarterly Disbursement Reports until this case is confirmed, dismissed or converted

to Chapter 7. Such reports shall be filed with the Court until the Case is closed, and thereafter sent directly to the Office of the United States Trustee.

14. The Debtors, Reorganized Debtors, and Subchapter V Trustee are authorized to take or cause to be taken all actions necessary to implement and effectuate the provisions of the Plan.

15. Notwithstanding the fact that the Plan is being confirmed pursuant to 11 U.S.C. § 1191(b), the Reorganized Debtors shall be responsible for making or authorizing all payments under the Plan.

16. Notwithstanding the entry of this Order confirming the Plan, the Court shall retain jurisdiction of all matters arising out of and related to the Debtors' Chapter 11 Case and the Plan, including, but not limited to, jurisdiction to determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan.